# Feinstein *v.* Welischedk, Appellant.

*Execution—Sheriff's interpleader—Claimant's bond—Notice and schedule.*

1. Where a claimant of goods levied upon by the sheriff files a bond equal to the value of all of the goods levied upon, but in his notice and statement of claim limits his claim to certain of the goods, and the sheriff is not directed by the execution creditor to sell the goods not claimed, the latter cannot at the trial of an interpleader claim a money verdict for the value of the goods not claimed, merely because the bond

covered all of the goods levied upon. In such a case the limit of the demand is controlled by the notice to the sheriff and the statement filed.

2. Where goods leased under bailment are levied upon together with other goods of the defendant in the execution, and the lessor serves a notice on the sheriff of the goods claimed by him and enumerates such goods in his statement of claim, and there is subsequently a trial on the sheriff's interpleader, the judge at such trial cannot be convicted of error in rejecting the sheriff's appraisement as evidence of the value of goods not claimed, where an inspection of the appraisement shows a lumping valuation of all of the articles levied upon irrespective of their ownership.

Argued Dec. 16, 1914. Appeal, No. 268, Oct. T., 1914, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1913, Sheriff's Interpleader, No. 3,318, on verdict for plaintiff in case of M. Feinstein v. John Welischeck. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Issue on sheriff's interpleader. Before DOUGHERTY, J.

At the trial it appeared that M. Feinstein claimed title to certain of the goods levied upon the ground that he had leased them to M. Fishman, the defendant in the execution, and that by reason of default under the terms of the lease he was entitled to their possession. He filed a bond which covered double the appraised value of all the chattels levied upon, but in his notice to the sheriff and statement of claim he limited his demand to the goods which he claimed, enumerating among others six chairs and one iron bed. The sheriff had levied on and had appraised eleven iron chairs and two iron beds, but these had been appraised at a lumping value.

The defendant presented the following points:

1. As to the goods that the claimant never owned, you should render a verdict in favor of defendant for such a sum of money as you consider these goods were worth.

Following is a list of the goods never owned by

claimant and the respective sums at which the sheriff's appraisers valued them; but the opinion of the sheriff's appraisers is not binding upon you. *Answer:* Refused. [2]

2. As to the goods leased by the claimant to M. Fishman, you should render a verdict in favor of the defendant for such a sum of money as you consider these goods were worth; because the claimant without qualification claimed to be the owner of them and did not concede that M. Fishman had any interest whatsoever in them.

Following is a list of the leased goods, and the respective sums at which the sheriff's appraisers valued them; but the opinion of the sheriff's appraisers is not binding upon you. *Answer:* Refused. [3]

3. As to the goods leased by claimant to M. Fishman, you should render a verdict in favor of the defendant for such a sum of money as represents the value of M. Fishman's leasehold interest in these goods. *Answer:* Refused. [4]

4. As to the goods that the claimant never owned, you should render a verdict in favor of defendant for such a sum of money as you consider these goods were worth.

Following is a list of the goods never owned by claimant and the respective sums at which the sheriff's appraisers valued them; but the opinion of the sheriff's appraisers is not binding upon you: five chairs, $5.00; one iron bed, $5.00. *Answer:* Refused. [5]

The court refused to admit in evidence the sheriff's appraisement [6]; also petition and rule for interpleader [7]; and also the bond filed by claimant. [8]

*Errors assigned* were (1) in giving binding instructions for plaintiff; (2–5) above instructions, quoting them; (6) rulings on evidence, quoting the bill of exceptions.

*Walter C. Longstreth,* for appellant.—A verdict should have been directed in favor of the execution creditor

for the value of such of the goods included in claimant's statement as claimant disclaimed at the trial, after having given bond therefor.   A verdict should have been directed in favor of the execution creditor for the value of the goods not included in claimant's statement, yet which claimant procured the sheriff to release by giving bond for the same.   A lessee's interest in leased goods may be sold by the sheriff under execution against lessee: Wheeler v. Train, 20 Mass. 255; Collins v. Bellefonte Central R. R. Co., 171 Pa. 243; Gerber v. Hartwig, 11 W. N. C. 197.

Since claimant prevented a sale of debtor's leasehold interest by claiming the entire interest in the leased goods, instead of an interest as lessor only, therefore the execution creditor is entitled to recover against the claimant: Meyers v. Prentzell, 33 Pa. 482.

*Bernard Pockrass,* for appellee.

Opinion by Kephart, J., February 24, 1915:

The sheriff, under a fieri facias, levied upon all the goods in the possession of the execution debtor.  A part of these goods were claimed by the plaintiff, who filed with the sheriff a notice as required by law.   Upon payment by him of the requisite fee the sheriff caused an appraisement to be made of all the goods levied upon.   The plaintiff filed his statement of claim and bond, which, with the notice of claim of property served on the sheriff, enumerated just what goods the plaintiff claimed.   The bond, however, was in double the amount of the appraised value of all the goods levied on.   The amount named in the bond would not have the effect of enlarging the plaintiff's claim for goods to all that had been levied on, especially when the schedule attached to the bond identified the goods claimed.   Without this schedule, the limit of the demand, under the facts in this case, would have been controlled by the notice to the sheriff and the statement filed.   After the appraisers

made their return, had the plaintiff, in his statement, enlarged on the list of the goods as first claimed by him, the statement of claim would control. There was nothing in this case to prevent the creditor from having the goods levied on, not claimed by the plaintiff, sold on his execution. The second, seventh and eighth assignments of error are overruled.

The claimant's title rested on a lease which contained a list of the goods. The lease provided that if the lessee was in default in the payment of the rent "he was to deliver the goods to said Feinstein on demand." When the execution was issued and the goods taken by the sheriff, the lessee was in default under the terms of the lease. The notice served on the sheriff by the plaintiff claiming the goods, was a sufficient demand for them to satisfy the requirement of the lease. The execution debtor had no further interest or claim as lessee in the goods, and as between the lessor and lessee the lease was terminated. The plaintiff had a perfect right to claim the absolute and exclusive right of property in himself. He did this, tendered issue and gave bond accordingly. The complaint that the execution debtor had an interest as a lessee in the goods and the damages should have been awarded accordingly is not justified under the facts in this case. The third and fourth assignments of error are overruled.

The pleadings show that the plaintiff claimed, inter alia, chairs and iron beds. His written lease shows title to six chairs and one iron bed. The sheriff levied on and had appraised eleven chairs and two iron beds, and the bond undoubtedly covered the value of all of the chairs levied on and appraised. The plaintiff having failed to show title to five chairs and one iron bed, the execution creditor was entitled to recover their value. For the purpose of showing value, the defendant offers in evidence the sheriff's appraisement. This is clearly competent under sec. 8 of the Act of May 26, 1897, P. L. 95, "as prima facie evidence of the real value."

The trial court rejected the appraisement as evidence and upon examination the learned court was not in error. It shows a lumping value of the eleven chairs and the same of the two iron beds. There is nothing in the appraisement from which the jury might infer that the five chairs and one bed, title to which was not proven, were worth any given amount of money. The only purpose for which the offer was competent was to show the value of these goods, and the evidence offered did not sustain this offer. We agree with the statement of counsel for the appellant when he says: "The questions involved in this sheriff's interpleader are purely questions of law; there are no disputes as to the facts." The first, fifth and sixth assignments of error are overruled.

Judgment affirmed at the cost of the appellant.